

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00220-CV

**IN THE INTEREST OF J.H.L.**

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-01904
Honorable Charles E. Montemayor, Judge Presiding

PER CURIAM

Sitting:　　　Sandee Bryan Marion, Chief Justice
　　　　　　　Karen Angelini, Justice
　　　　　　　Marialyn Barnard, Justice

Delivered and Filed: June 24, 2015

DISMISSED FOR LACK OF JURISDICTION

Because this is an accelerated appeal from an order terminating parental rights, the notice of appeal should have been filed within twenty days after the judgment was signed. *See* TEX. R. APP. P. 26.1(b). Motions for new trial and other specific post-judgment motions will not extend the time to perfect an accelerated appeal. *See* TEX. R. APP. P. 28.1(b). In this case, the trial court signed its Order of Termination on June 20, 2014. Therefore, any notice of appeal was due on July 10, 2014. Appellant filed her notice of appeal on April 10, 2015. Accordingly, appellant's notice of appeal was not timely. Therefore, on April 22, 2015, this court ordered appellant to file a response presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. Our order cautioned appellant that if she failed to respond within the time provided, her appeal would be dismissed. *See* TEX. R. APP. P. 42.3(a), (c).

On June 5, 2015, appellant's counsel filed a "Response to Order Dated April 22, 2015 and Request for Mandamus Relief." Counsel acknowledges this is an accelerated appeal and that the final judgment was signed on June 20, 2014. In the response, counsel asserts that language in the final order stating the "parties have waived any objections to the hearing by an associate judge and do hereby waive their right to de novo review" is ineffective and unenforceable because appellant did not intend to waive a de novo hearing. Therefore, according to counsel, a de novo hearing is still required.[1] However, because the notice of appeal was not timely filed, counsel has not shown how this court has jurisdiction to hear this appeal. Counsel also asserts the "trial court should be directed as mandamus relief, to place the matter back on the docket and hear the de novo matter at a date in the future agreeable to all parties."

Because we lack jurisdiction over this appeal, the appeal is dismissed. If counsel wishes to request mandamus relief, he must do so by filing a petition for writ of mandamus that fully complies with Texas Rule of Appellate Procedure 52.

PER CURIAM

---

[1] On June 20, 2014, appellant's trial counsel requested a de novo hearing. On March 18, 2015, the trial court denied the motion on the grounds that it lacked plenary power to entertain the de novo request.